IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL CARY SNOWDEN and          §
BRENDA ASCENCIO,                  §
                                  §
         Plaintiffs,              §
                                  §
V.                                §          No. 3:18-cv-1797-K-BN
                                  §
WELLS FARGO BANK, N.A.,           §
                                  §
         Defendant.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 5. Plaintiffs Michael Cary Snowden and Brenda Ascencio filed a response, *see* Dkt. No. 25, and Wells Fargo filed a reply, *see* Dkt. No. 26.

The undersigned magistrate judge now issues the following findings of fact, conclusions of law, and recommendation that the Court grant Wells Fargo's Motion to Dismiss [Dkt. No. 5].

**Background**

On April 30, 2012, Plaintiffs purchased a home in Seagoville, Texas (the "Property"). They signed a promissory note (the "Note") to finance the purchase and

secured the Note through a Deed of Trust pledging their interest in the Property as security (the "Deed of Trust"). *See* Dkt. No. 1-5 at 4 (Plaintiffs' Original Petition); Dkt. No. 6 at 4-14 (Deed of Trust).

The Deed of Trust was assigned to Wells Fargo on November 13, 2014. *See* Dkt. No. 6 at 16 (the "Assignment"). The Assignment was recorded in the real property records of Dallas County, Texas. *See id.*

Wells Fargo appointed a substitute trustee on September 28, 2017, and the Appointment of Substitute Trustee is recorded in the real property records of Dallas County, Texas. *See id.* at 18-19

Wells Fargo conducted a non-judicial foreclosure sale of the Property on December 5, 2017. *See* Dkt. No. 1-5 at 5; Dkt. No. 6 at 21-30 (Trustee's Deed (By Substitute Trustee)).

Plaintiffs filed this lawsuit against Wells Fargo and other defendants, claiming that Wells Fargo violated the Texas Debt Collection Act ("TDCA") and the Texas Property Code (the "Property Code"), breached the Deed of Trust contract, and wrongfully foreclosed. *See* Dkt. No. 1-5. The Court determined that the other defendants were improperly joined and dismissed Plaintiffs' claims against them with prejudice. *See* Dkt. No. 14.

Plaintiffs' claims against Wells Fargo are based on their assertions that there was no assignment of the Deed of Trust to Wells Fargo and that Wells Fargo's appointment of a substitute trustee and the non-judicial foreclosure sale therefore were

invalid. Plaintiffs also allege that Wells Fargo failed to provide all of the statutorily-required notices prior to the foreclosure sale. *See* Dkt. No. 1-5.

Wells Fargo removed the case to this Court, *see* Dkt. No. 1, and then filed its Motion to Dismiss, *see* Dkt. No. 5, in which it contends that all of Plaintiffs' claims should be dismissed with prejudice. Wells Fargo asserts, among other things, that it has authority to foreclose under a valid Assignment of the Deed of Trust; that the TDCA claims fail because there is no private right of action under Section 51.002; that the wrongful foreclosure claim fails because Plaintiffs are still in possession of the Property and the Property did not sell for a grossly inadequate amount at the foreclosure sale; and that the breach of contract and TDCA claims fail because Plaintiffs fail to adequately plead damages.

Plaintiffs filed a response in which they seem to abandon their Property Code claim and challenge Wells Fargo's authority to foreclose. They fail to respond to all of the arguments that Wells Fargo raised in the Motion to Dismiss and assert new facts and claims not included in their state court petition.

The undersigned now concludes that the Court should grant Wells Fargo's Motion to Dismiss.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to

state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S.

____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e));

*accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th

Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need

detailed factual allegations, but it must provide the plaintiff's grounds for entitlement

to relief – including factual allegations that, when assumed to be true, raise a right to

relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion

turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of

Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347,

and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint

for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135

S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion.

*Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6)

context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495

F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are

considered to be part of the pleadings, if they are referred to in the plaintiff's complaint

and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-

99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d

429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth

Circuit has not articulated a test for determining when a document is central to a

plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v.*

-6-

*McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

I.    Wells Fargo had authority to foreclose.

Plaintiffs allege throughout their petition that Wells Fargo lacks the capacity or authority to enforce the Loan or to foreclose on the Property because there is no recorded assignment of record. *See* Dkt. No. 1-5 at 5, 11, 13.

Under Texas law, there is no requirement that the deed of trust assignment be recorded. *See Bittinger v. Wells Fargo Bank, N.A.*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010) ("the ability to foreclose on a deed of trust is transferred when the note is transferred, not when an assignment of deed of trust is either prepared or recorded"); *see also Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 755 (N.D. Tex. 2013) ( "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments."(citation omitted)); *Herrera v. Wells Fargo Bank, N.A.*, No. H–13–68, 2013 WL 961511, at *9 (S. D. Tex. Mar.12, 2013) ("The failure to ... record the assignment of the deed of trust when it was executed, and the foreclosure before the assignment was recorded, do not as a matter of law give rise to a[ ] claim."). Accordingly, Wells Fargo was not obligated to record any transfers of the Deed of Trust or Note, and the alleged failure to record any such transfers cannot support a claim.

But, even if it were required, the Assignment in this case is publicly recorded in

the real property records of Dallas County, Texas, *see* Dkt. No. 6 at 16, and the Court may consider the Assignment, which is a matter of public record that can be judicially noticed in considering a Rule 12(b)(6) motion, *see* FED. R. EVID. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 926 (N.D. Tex. 2014). Wells Fargo was the last assignee of record and, as such, was a mortgagee authorized to foreclose under the Texas Property Code. *See* TEX. PROP. CODE § 51.001(4).

II.    Plaintiffs' Property Code and wrongful foreclosure claims should be dismissed.

Plaintiffs' Texas Property Code claim rests on two Section 51.002 contentions. Plaintiffs first contend that Wells Fargo failed to provide Plaintiffs notice before issuing a Notice of Acceleration and Substitute Trustee's Sale as required by Section 51.002(d). Second, Plaintiffs assert that the notices that Wells Fargo did prove failed to comply with Section 51.002(b) because they were not preceded by valid notices and were not valid under Section 51.002(d) since Wells Fargo lacked the capacity to initiate foreclosure. *See* Dkt. No. 1-5 at 8; TEX. PROP. CODE §§ 51.002(b), (d).

Texas Property Code § 51.002 requires a lender to provide notice of default and intent to accelerate, specify the action required to cure the default, and give the debtor an opportunity to cure the default within a minimum of twenty (20) days. *See Reed v. Litton Loan Servicing, LP,* No. 1:10-CV-217, 2011 WL 817357, at *4 (E. D. Tex. Jan. 27, 2011) (citing TEX. PROP. CODE § 51.002(d)). If the lender invokes the power of sale under

a security instrument, the lender must also provide notice to the borrower of the time and place of the foreclosure sale at least 21 days prior to the date designated for the sale. *See id.* (citing TEX. PROP. CODE § 51.002(b)).

But, although "[n]either the Texas Supreme Court nor the Fifth Circuit has decided whether § 51.002 provides for a private right of action," *Lott v. Wells Fargo Bank, N.A.*, No. 3:17-cv-1270-L-BT, 2018 WL 4376413, at *4 (N.D. Tex. Aug. 22, 2018) (citing cases), some courts have held that Section 51.002 of the Texas Property Code does not provide a private right of action, *see Carey v. Fargo*, Civil Action H-15-1666, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016) (collecting cases).

Plaintiffs do not respond to Wells Fargo's arguments that the Property Code does not create a private right of action under Section 51.002. Instead, they concede that they "do not assert a private right of action under Texas Property Code Chapter 51." Dkt. No. 25 at 5.

Some courts that have refused to recognize any Section 51.002 private right of action – which Plaintiffs disavow and as to which the Court therefore need not decide the unsettled issue of the viability of such a cause of action here – have construed claims for violation of section 51.002 as claims for wrongful foreclosure. *See Carey*, 2016 WL 4246997 at *3. To state a wrongful foreclosure claim under Texas law, Plaintiffs must plead: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *See Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 256 (5th

Cir. 2013). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Serv., LP*, 767 F. Supp. 2d 725, 729 (N. D. Tex. 2011).

Wells Fargo asserts that any such claim by Plaintiffs fails as a matter of law on the pleadings here.

First, Wells Fargo contends that Plaintiffs' wrongful foreclosure claim fails as a matter of law because Plaintiffs are allegedly in possession of the Property and have failed to allege that they tendered the amount due and owing on the debt for the Property, both of which are required to recover damages under a wrongful foreclosure claim and rescind a wrongful foreclosure sale.

"[A] party cannot 'state a viable claim for wrongful foreclosure' if the party 'never lost possession of the Property.'" *Foster v. Deutsche Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (quoting *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446 (5th Cir. 2013)). Here, Plaintiffs allege that they reside at the property, *see* Dkt. No. 1-5 at ¶ 1, and they seek injunctive relief to preclude eviction from the Property, *see id.* at ¶ 10.

And, "in order to be entitled to have a foreclosure sale set aside in Texas, a plaintiff must actually tender – not just offer to tender – the full amount owed on the note." *Hill v. Wells Fargo Bank, N.A.*, Civil Action No. V-12-11, 2012 WL 2065377, at *9 (S.D. Tex. June 6, 2012). Here, Plaintiffs do not allege that they tendered the full

amount owed on the Note.

Second, Wells Fargo contends that Plaintiffs have not and cannot allege facts sufficient to establish each element of a wrongful foreclosure claim. Plaintiffs' wrongful foreclosure action is based on the alleged defects in the foreclosure process, but they do not allege that the Property sold for a grossly inadequate selling price. And, even if they had, the selling price was not grossly inadequate. Under Texas law, "a grossly inadequate price would have to be so little as to shock a correct mind." *Martins*, 722 F.3d at 256 (internal quotation omitted). The Fifth Circuit has recognized, that under Texas law, a selling price is not grossly inadequate if the property sells for at least 60% of its fair market value. *See Ayers v. Parker*, Civil Action No. SA-12-CV-621-XR, 2013 WL 4048328, at *8 (W. D. Tex. July 29, 2013) (citing *Fed. Deposit Ins. Corp. v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990)). Here, the Property sold for $167,000 on December 5, 2017. *See* Dkt. No. 6 at 21-30 (Trustee's Deed), which was filed in the public records of Dallas County, Texas. Wells Fargo provides public records from the Dallas Central Appraisal District in which Plaintiffs' home is valued at $218,200 for the year 2017. *See id.* at 32-39. Thus, the Property sold for approximately 76.5% of its market value and, as a result, the selling price is not grossly inadequate.

Plaintiffs do not respond to Wells Fargo's arguments that the wrongful foreclosure claim fails because Plaintiffs never lost possession of the Property or because the Property was not sold for an inadequate price.

Because Plaintiffs admit in their petition that they never lost possession of the

Property, state in their Response that they "do not assert a private right of action under Texas Property Code chapter 51," *see* Dkt. No. 25 at 5, and public records establish that the selling price of the Property at the foreclosure sale was not grossly inadequate, Plaintiffs' claims for violations of the Texas Property Code and wrongful foreclosure should be dismissed with prejudice.

III.    <u>Plaintiffs' breach of contract claim should be dismissed</u>.

Plaintiffs' breach of contract claim is based on the same allegations that form the basis of their Texas Property Code violations claim: that notice of default was not provided before sending notice of acceleration and notice of foreclosure and that the notices that were sent are improper because Wells Fargo lacked the capacity to give them.

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003); *accord Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N. D. Tex. 2012).

Plaintiffs do not adequately plead a breach of contract by Wells Fargo. "[I]t is not enough to generally allege the existence of a contract and generally allege that a contract has been breached. Instead, to state a plausible breach of contract claim a plaintiff must allege which provision of an identified contract has been breached." *Caine*

*v. Wells Fargo Bank, N.A.*, Civil Action No. H-17-2046, 2018 WL 3195102, at *3 (S. D. Tex. June 8, 2018). To survive a motion to dismiss, Plaintiffs must identify the specific provisions of the contract that they allege were breached. *See Williams v. Wells Fargo Bank, N.A.,* 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached."); *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N. D. Tex. 2014) ("This Court and others throughout this Circuit have consistently indicated that, as a general rule, 'a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant.'") (collecting cases)).

Here, Plaintiffs have not alleged any specific provision in the Deed of Trust that was allegedly breached. And, as explained above, Plaintiffs' lack of capacity allegations do not support a breach of contract claim because the Assignment, which is filed of record, evidences that Wells Fargo is the mortgagee of record. *See* Dkt. No. 6 at 16; *Wiley v. Deutsche Bank Nat'l Trust Co.*, 539 F. App'x 533, 535-57 (5th Cir. 2013). Wells Fargo therefore was authorized to give notices.

Plaintiffs also do not adequately plead the damages element of their breach of contract claim. Plaintiffs allege that they "have incurred actual damages by having title to, and possession, use and enjoyment of the Property jeopardized." Dkt. No. 1-5 at 10. They also maintain that they have incurred actual damages in the form of "filing fees and reasonable and necessary attorney fees." *Id.* But Plaintiffs' alleged breach of contract damages are more properly characterized as a threat of damages rather than

actual damages suffered. And, although filing and attorney fees may be awarded to a successful plaintiff, *see* TEX. CIV. PRAC. & REM. CODE §§ 37.007, 38.001(8), they do not constitute actual damages sufficient to sustain a breach of contract claim, *see Vianet Grp. PLC v. Tap Acquisition*, 3:14-cv-3601-B, 2016 WL 4368302, at *9 (N.D. Tex. Aug. 18, 2016) (concluding that the Supreme Court of Texas would not characterize attorneys' fees as damages "if they were subsequently incurred prosecuting a breach of contract claim").

Plaintiffs do not respond to Wells Fargo's contention that they have not and cannot plead that they have suffered damages as a result of the alleged breach of contract.

But, because it is not clear that Plaintiffs have pleaded their best case, the Court should dismiss Plaintiffs' breach of contract claim against Wells Fargo without prejudice.

IV.   <u>Plaintiffs' TDCA claims should be dismissed.</u>

    A.   Plaintiffs' TDCA claims should be dismissed because the allegations are <u>conclusory and fail to sufficiently allege recoverable damages.</u>

The TDCA is the statutory embodiment of common law concerning unreasonable collection practices and prohibits use of deceptive means, making misrepresentations, harassment, and threats in the course of collecting a consumer debt. See TEX. FIN. CODE §§ 392.301(a)(8), 392.302(4), 392.303(a)(2), 392.304(a)(8), (a)(19). To state a claim under the TDCA, a plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a "debt collector" within the meaning of the TDCA; (3) the defendant

committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act. *See id.* §§ 392.001 et. seq.

Plaintiffs allege that "[t]he actions of Defendant Wells Fargo in threatening and/or effecting a substitute trustee's sale of the Property" violated four sections of the TDCA. Specifically, Plaintiffs claim that Wells Fargo violated (1) Section 392.301(a)(8) by attempting to foreclose before Wells Fargo gave the notices required by the Texas Property Code; (2) Section 392.303(a)(2) by collecting or attempting to collect interest or a charge, fee, or expense which was not expressly authorized by the Deed of Trust; and (3) Sections 392.304(a)(8) and (19) by using deceptive acts or practices and misrepresenting the status of the debt. Plaintiffs claim that they are entitled to statutory damages, injunctive relief, costs and reasonable attorney's fees under Section 392.403. *See* Dkt. No. 1-5 at 6-7.

Wells Fargo contends that all of Plaintiffs' TDCA claims fail because the allegations in the petition are conclusory, lacking in specific facts, and, as a result, insufficient to plead a plausible claim, and the undersigned agrees. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-cv-1174-M, 2011 WL 248445, at *3 (N. D. Tex. Jan. 26, 2011) ("Merely stating Defendant violated the TDCA, without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law."). Here, Plaintiffs simply recite some of the elements of the TDCA but do not provide factual allegations

to support their claims.

In their response, Plaintiffs assert that, if allowed to amend their pleading, they would assert that an apparently authorized agent of Wells Fargo explicitly assured their agent, shortly before the trustee's sale, that the December 2017 sale would not occur. *See* Dkt. No. 25 at 6. Because these allegations are not included in the petition, the Court cannot consider them in determining the motion to dismiss.

Wells Fargo also contends that Plaintiffs fail to plead that they suffered actual damages as a result of the alleged TDCA violations. Plaintiffs must prove that they suffered an actual, foreseeable injury to state a TDCA claim. *See* TEX. FIN. CODE § 392.403(a)(2); *Whatley v. AHF Fin. Servs., LLC*, No. 4:11-cv-488, 2012 WL 7159707, at * 5 (E. D. Tex. Dec. 17, 2012) (holding that alleged damages must be linked to actual TDCA violations of which Plaintiff complains).

Plaintiffs seek "actual damages, statutory damages, costs and reasonable attorney's fees for enforcement of their [TDCA] claims." Dkt. No. 1-5 at 8. As discussed above, court costs in bringing this action do not qualify as actual damages. Because Plaintiffs have not pleaded facts indicating that they suffered actual damages as a result of any of the alleged TDCA violations, Plaintiffs have failed to state any claim under the TDCA, and their TDCA claims should be dismissed without prejudice.

B.    Plaintiffs' TDCA claim under Section 392.301(a)(8) should be dismissed.

Plaintiffs claim that Wells Fargo violated Texas Finance Code § 392.301(a)(8) by attempting to foreclose before Wells Fargo gave the notices required by the Texas Property Code.

Wells Fargo maintains that Plaintiffs' Section 392.301(a)(8) claim should be dismissed because it was not prohibited from foreclosing on the Property after Plaintiffs defaulted on the Loan.

The undersigned concludes that, because Plaintiffs defaulted on the Loan, Section 392.301(a)(8) does not prohibit Wells Fargo from exercising its rights under the Deed of Trust and pursuing foreclosure.

Section 392.301(a)(8) prohibits a debt collector from using "threats, coercion, or attempts to coerce" that involve "threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). And "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage." *Wildy v. Wells Fargo Bank, N.A.*, No. 3:12-cv-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012); *see also Burr v. JPMorgan Chase Bank, N.A.*, No.4:11-cv-3519, 2012 WL 1059043, at *7 (S.D. Tex. Mar. 28, 2012) (holding that the plaintiffs failed to state a Section 392.301(a)(8) claim because "foreclosure on [their] home after [they] admittedly defaulted on their mortgage loan [was] not an action prohibited by law").

Plaintiffs allege that Wells Fargo violated Section 392.301(a)(8) by failing to give notice of default before issuing notices of acceleration and foreclosure and threatening to sell the Property. *See* Dkt. No. 1-5 at ¶5(a). But Plaintiffs do not dispute that they defaulted under the Loan and were still in default when notice of acceleration and foreclosure sale were provided, and, as a result, no violation of Section 392.301(a)(8) occurred by threatening to foreclose. *See Adams v. U. S. Bank, N.A.*, No. 3:17-cv-723-B-

BN, 2018 WL 2164520, at * 7 (N. D. Tex. April 18, 2018). Nor do Plaintiffs allege sufficient facts to show their actual damages, as discussed above.

Accordingly, the undersigned concludes that Plaintiff's claim for violations of Section 392.301(a)(8) of the TDCA should be dismissed without prejudice.

C.    Plaintiff's TDCA claim under Section 392.303(a)(2) should be dismissed.

Plaintiffs allege that Wells Fargo violated Section 392.303(a)(2) of the TDCA by collecting or attempting to collect interest or a charge, fee, or expense which was not expressly authorized by the Deed of Trust. *See* Dkt. No. 1-5 at ¶ 5(b). They allege that Wells Fargo failed to properly account for and acknowledge payments made and consequently demanded payment from Plaintiffs in excess of those permitted under the Note and Deed of Trust and that they threatened to conduct and have conducted one or more substitute trustee's sales of the Property, which deprived Plaintiffs of title and jeopardized their use and possess of the Property. *See id.*

Wells Fargo maintains that Plaintiffs have pleaded insufficient facts to state a Section 392.303(a)(2) claim because, in addition to failing to state their actual damages, Plaintiffs fail to allege sufficient facts to show that Wells Fargo attempted to collect charges that were not authorized by the Note or Deed of Trust. *See* Dkt. No. 5 at 22.

The undersigned concludes that, because Plaintiffs allege insufficient facts to show their actual damages, as discussed above, and that Wells Fargo attempted to collect charges that were unauthorized by the Note or the Deed of Trust, Plaintiffs have failed to state a plausible claim to relief under Section 392.303(a)(2).

Section 392.303(a)(2) prohibits a debt collector from using

> unfair or unconscionable means that employ ... collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

Tex. Fin. Code § 392.303(a)(2).

To state a claim under Section 392.303(a)(2), a plaintiff must make more than a general assertion of "wrongful charges" and must identify the unauthorized fees or penalties that a defendant imposed. *See Westinde v. JPMorgan Chase Bank, N.A.*, No. 3:13-cv-3576-O, 2014 WL 4631405, at *8 (N.D. Tex. Sept. 16, 2014) (granting a motion to dismiss a Section 392.303(a) claim where "Plaintiff fail[ed] to identify any fees or penalties incidental to his loan that Defendant imposed") (citing *Price v. U.S. Bank Nat'l Ass'n*, No. 3:13-cv-175-O, 2014 WL 803722, at *6 (N.D. Tex. Feb. 28 2014) ("Without any specific facts in support, [the plaintiff's] claim under § 392.303(a) (2) is subject to dismissal for failure to state a claim."); *Bircher v. Bank of N.Y. Mellon*, No. 4:12-cv-171-Y, 2012 WL 3245991, at * 3 (N.D. Tex. Aug. 9, 2012) (dismissing a Section 392.303(a)(2) claim where the "petition contain[ed] scant factual specificity regarding any misrepresented amounts"); *Swim v. Bank of Am., N.A.*, No. 3:11-cv-1240-M, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012) (granting a motion to dismiss a Section 392.303(a)(2) claim where "Plaintiffs merely state a conclusory assertion that Defendants imposed wrongful charges on Plaintiffs' mortgage account").

Here, Plaintiffs have failed to plead any specific facts to indicate what fee Wells

Fargo charged them and why such a fee was unauthorized. Plaintiffs have failed to plead sufficient facts to state a claim under Section 392.303(a)(2), and their claim should be dismissed without prejudice.

D.     Plaintiffs' TDCA claim under Section 392.304(a)(8) should be dismissed.

Plaintiffs allege that Wells Fargo violated Section 392.304(a)(8) of the TDCA because "Defendant Wells Fargo, directly and/or on behalf of others, employed deceptive acts or practices and misrepresented the status of a debt and/or made a fraudulent representation to Plaintiffs, intending that Plaintiffs rely on that misrepresentation." Dkt. No. 1-5 at ¶ 5(c). Plaintiffs further allege that Wells Fargo "failed to properly account for and acknowledge payments made and as a result of wrongful acceleration of the Note has refused to recognize and abide by the terms of the Note and Deed of Trust" and Wells Fargo "demanded Plaintiffs pay one or more sums above the amounts provided by the Note and Deed of Trust and/or that were not owed to Wells Fargo." *Id.*

Wells Fargo argues that Plaintiffs' claim under Section 392.304(a)(8) fails because they have not sufficiently alleged that they suffered actual damages or that Wells Fargo caused them to believe that they (1) did not have a mortgage debt of the specific amount they owed or (2) had not defaulted, both of which are required to state a claim for violation of Section 392.408(a) of the TDCA.

The undersigned concludes that, because Plaintiffs have not pleaded facts to show that they suffered actual damages and that Wells Fargo misrepresented the Loan's existence, the Loan's amount, or Plaintiffs' default, Plaintiffs have failed to state a claim under Section 392.304(a)(8).

Section 392.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(a)(8). "To violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading." *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) (quoting *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013)). The character, extent, and amount of the debt categories listed in Section 392.304(a)(8) are "categories that do not encompass 'statements about loan-modification applications and the postponement of foreclosure.'" *Rabe v. Wells Fargo Bank, N.A.*, 616 F. App'x 729, 735 (5th Cir. 2015) (quoting *Thompson*, 783 F.3d at 1026). And, to state a claim under Section 392.304(a)(8), a plaintiff must show that the defendant "made a misrepresentation that led her to be unaware (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted." *Rucker*, 806 F.3d at 832 (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)).

"To withstand a motion to dismiss, a court must be able to discern not only that there was a misrepresentation but also how the defendant allegedly misrepresented the character, extent, or amount of the plaintiff's debt." *Smith v. Wells Fargo Bank, N.A.*, No. 3:12-cv-4633-K-BN, 2013 WL 3324195, at *2 (N. D. Tex. June 28, 2013). Here, Plaintiffs fail to allege what amount Wells Fargo stated they incorrectly owed and fail to allege what they believe were incorrect charges. Plaintiffs' bare allegations regarding Wells Fargo's deviations, in one way or another, from the Note and Deed of Trust do not

adequately plead that Wells Fargo made an affirmative statement to state a Section 392.304(a)(8) claim. *See Thompson*, 783 F.3d at 1026 ("To violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading.").

Because Plaintiffs have not alleged facts to show their actual damages and that Wells Fargo made misrepresentations to cause them to be unaware of the Loan or its amount or of her default, Plaintiffs have failed to state a claim against Wells Fargo under Section 392.304(a)(8) should be dismissed without prejudice.

E.    Plaintiffs' TDCA claim under Section 392.304(a)(19) should be dismissed.

Plaintiffs' allegations concerning violations of Section 392.304(19) of the TDCA are identical to those in their Section 392.304(8) claim. *See* Dkt. No. 1-5 at ¶5(c).

Wells Fargo asserts that the Section 392.304(a)(19) claims fails because Plaintiffs have not alleged that Wells Fargo made an affirmative statement that was false or misleading. *See* Dkt. No. 5 at 25.

Section 392.304(a)(19) is a catch-all provision that covers all false representations or deceptive means that a party might use "to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE § 392.304(a)(19); *see also Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2414-B, 2012 WL 555155, at *8 (N.D. Tex. Feb. 21, 2012). "[T]errible customer service is not automatically the equivalent of 'deceptive means,'" and, for a TDCA misrepresentation claim under Section 392.304(a)(19) to stand, a defendant must have made "an 'affirmative statement' that was false or misleading."

*Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014) (citing *Verdin*, 540 F. App'x at 257).

Here, Plaintiffs allege no specific facts to show that Wells Fargo made an affirmative and false or misleading statement. Wells Fargo's alleged deviations, in one way or another, from the Note and Deed of Trust do not constitute the affirmative statements required to state a Section 392.304(a)(19) claim.

And, as the undersigned explains above, Plaintiffs have not adequately pleaded the damages element of their TDCA claims.

Because Plaintiffs have made no factual allegations regarding their actual damages or that Wells Fargo made any affirmative statements that were false or misleading, Plaintiffs' claim under Section 392.304(a)(19) should be dismissed without prejudice.

V.   <u>Plaintiffs' claims for declaratory and injunctive relief should be denied.</u>

Because Plaintiffs' substantive claims should be dismissed, Plaintiffs have not stated a claim for declaratory and injunctive relief.

Plaintiffs request declaratory relief and injunctive relief voiding any substitute trustee's deed to the Property and restraining Wells Fargo from foreclosing on the Property.

Wells Fargo argues that Plaintiffs' request for declaratory and injunctive relief fails because Plaintiffs have failed to assert any viable causes of action against Wells Fargo.

"The [federal Declaratory Judgment Act] is a procedural device that creates no

substantive rights.... [A] request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action." *Payne v. Wells Fargo Bank, N.A.*, No. 3:12-cv-5219-M BF, 2015 WL 1402321, at *6 (N.D. Tex. Mar. 26, 2015) (internal quotations and citation omitted) (granting Wells Fargo's motion for summary judgment as to the plaintiff's request for declaratory relief where the Court had determined that summary judgment should be granted with respect to the plaintiff's underlying, substantive claims), *aff'd sub nom. Payne v. Wells Fargo Bank Nat. Ass'n*, 637 F. App'x 833 (5th Cir. 2016); *accord Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990) ("[I]t is the underlying cause of action ... that is actually litigated in a declaratory judgment action.").

Similarly, "[u]nder Texas law, a request for injunctive relief 'is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action.'" *Grace v. Everhome Mortg. Co.*, No. 3:13-cv-4563-B, 2015 WL 5146678, at *6 (N.D. Tex. Sept. 2, 2015) (citing *Wildy v. Wells Fargo Bank, NA*, No. 3:12-cv-1831-BF, 2013 WL 246860, at *6 (N.D. Tex. Jan.21, 2013); *Cooks v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010)). And, where a Court dismisses all of a plaintiff's substantive claims, as the undersigned recommends the Court do here, a plaintiff cannot maintain a claim for injunctive relief. *See Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

Because Plaintiffs fail to state a plausible claim to relief, Plaintiffs' requests for

declaratory and injunctive relief should also be dismissed without prejudice.

VI.    <u>Plaintiffs should be granted leave to amend</u>.

In their response, Plaintiffs seek leave to replead any claim that the Court determines is not set forth with sufficient particularity. *See* Dkt. No. 25 at 8.

In their response, Plaintiffs made allegations that were not included in their petition and improperly raised claims for the first time. In their petition, Plaintiffs allege that there was no assignment to Wells Fargo, but in their Response they argue that the Assignment was invalid. In the Response, Plaintiffs allege for the first time that the Assignment and Appointment of Substitute Trustee were invalid because they were not signed by an individual with authority to sign them. They assert that the issuance and recording of the notice of foreclosure sale was an affirmative act by Wells Fargo in violation of the TDCA. They challenge the succession of interest in the Note as opposed to challenging only the lack of an assignment of the mortgage. They appear to allege breach of a loan modification agreement in connection with the TDCA and breach of contract claims. They assert that their TDCA claims are based on the amounts charged in relation to the notices of foreclosure sale rather than on only the alleged failure to account for and acknowledge or accept mortgage payments. They also now allege that they were informed that the foreclosure would not proceed. *See* Dkt. No. 26.

The undersigned has not considered these new allegations in its analysis of the motion to dismiss. *See Sheddy v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-2804-M (BH), 2013 WL 5450288, at *5 (N.D. Tex. Sept. 30, 2013) ("Plaintiff is not entitled to

add new claims to his complaint by way of his response."); *Schieroni v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. H-10-663, 2011 WL 3652194, at *6 (S.D. Tex. Aug. 18, 2011) ("[N]ew allegations cannot be raised in response to a motion to dismiss."); *Broyles v. Chase Home Fin.*, No. 3:10-cv-2256-G, 2011 WL 1428904, at *1 n.1 (N.D. Tex. April 13, 2011) (holding that new facts and causes of action raised in response to a motion to dismiss are not properly before the court).

Although the new allegations Plaintiffs raise in their Response weigh in favor of allowing them to replead, the fact that they failed to respond to several of the arguments that Wells Fargo made in the Motion to Dismiss weighs against it. And Wells Fargo contends that Plaintiffs have abandoned those claims. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 558 n.1 (5th Cir. 2006) (holding that a plaintiff's failure to defend a claim in response to a defendant's motion to dismiss "constituted abandonment"); *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1016 (N.D. Tex. 2013) ("In his response to the motion to dismiss, Henderson does not address Wells Fargo's contentions regarding his FCA claim. Wells Fargo therefore contends, and the court agrees, that Henderson has abandoned his FCA claim.).

In their Response, Plaintiffs fail to respond to Wells Fargo's arguments that the wrongful foreclosure claim fails because they never lost possession of the Property or because the Property was not sold at a foreclosure sale. They fail to respond to Wells Fargo's argument that the breach of contract claim fails because they fail to plead any non-conclusory facts that would allow the Court to conclude that they have suffered

damages. They fail to respond to Wells Fargo's argument that the TDCA claims fail because they have not alleged that they suffered an actual, foreseeable injury or pleaded actual damages that resulted from the alleged TDCA violation.

Federal Rule of Civil Procedure 15(a)(2)'s provision stating that "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleading is within the sound discretion of the district court. *See Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Here, the undersigned recommends that Plaintiffs be given the opportunity to amend their pleadings as to the claims that should be dismissed without prejudice because it is not clear that they have pleaded their best case.

## Recommendation

The Court should grant Wells Fargo Bank, N.A.'s Motion to Dismiss [Dkt. No. 5]. Plaintiffs' claims for violations of the Texas Property Code and wrongful foreclosure should be dismissed with prejudice. Plaintiffs' claims for breach of contract and violations of the TDCA should be dismissed without prejudice. As to Plaintiffs' claims that should be dismissed without prejudice, the Court should grant Plaintiffs 21

days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint and should order that, if Plaintiffs fail to do so, the remaining claims will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 18, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE