IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL CARY SNOWDEN and      §
BRENDA ASCENCIO,              §
                             §
            Plaintiffs,       §
                             §
V.                            §          No. 3:18-cv-1797-K-BN
                             §
WELLS FARGO BANK, N.A.,       §
                             §
            Defendant.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. Dkt. No. 2.

Defendant Wells Fargo Bank, N.A. has filed a Motion to Strike Portions of First Amended Complaint. *See* Dkt. No. 33. Plaintiffs Michael Cary Snowden and Brenda Ascencio did not file a response, and the time to so has passed. Wells Fargo has also filed a Motion to Dismiss First Amended Complaint. *See* Dkt. No. 34. Plaintiffs have filed a response, *see* Dkt. No. 38, and Wells Fargo filed a reply, *see* Dkt. No. 40.

The undersigned magistrate judge now issues the following findings of fact, conclusions of law, and recommendation that the Court grant both motions.

**Background**

On April 30, 2012, Plaintiffs purchased a home in Seagoville, Texas (the "Property"). They signed a promissory note (the "Note") to finance the purchase and

secured the Note through a Deed of Trust pledging their interest in the Property as security (the "Deed of Trust"). *See* Dkt. No. 1-5 at 4 (Plaintiffs' Original Petition); Dkt. No. 35 at 4-14 (Deed of Trust).

The Deed of Trust was assigned to Wells Fargo on November 13, 2014. *See* Dkt. No. 35 at 16 (the "Assignment"). The Assignment was recorded in the real property records of Dallas County, Texas. *See id.*

Wells Fargo appointed a substitute trustee on September 28, 2017, and the Appointment of Substitute Trustee is recorded in the real property records of Dallas County, Texas. *See id.* at 18-19.

On November 22, 2017, Plaintiffs executed a General Warranty Deed in which they sold and transferred their interests in the Property to Dolo Investment Group, LLC ("Dolo"). *See id.* at 18-20.

Wells Fargo conducted a non-judicial foreclosure sale of the Property on December 5, 2017. *See* Dkt. No. 1-5 at 5; Dkt. No. 35 at 21-30 (Trustee's Deed (By Substitute Trustee)).

On December 12, 2017, the General Warranty Deed conveying the Property from Plaintiffs to Dolo Investment Group, LLC was recorded in the real property records of Dallas County, Texas. *See id.* at 18-20.

Plaintiffs filed this lawsuit against Wells Fargo and other defendants, claiming that Wells Fargo violated the Texas Debt Collection Act ("TDCA") and the Texas Property Code (the "Property Code"), breached the Deed of Trust contract, and

wrongfully foreclosed. *See* Dkt. No. 1-5. The Court determined that the other defendants were improperly joined and dismissed Plaintiffs' claims against them with prejudice. *See* Dkt. No. 14.

Wells Fargo removed the case to this Court, *see* Dkt. No. 1, and then filed its first Motion to Dismiss, *see* Dkt. No. 5. The Court accepted the findings, conclusions and recommendations of the magistrate judge [Dkt. No. 27] and granted the motion to dismiss. *See* Dkt. No.29. The Court dismissed Plaintiffs claims for alleged violations of the Texas Property Code and wrongful foreclosure with prejudice. The Court dismissed Plaintiffs claims for breach of contract and alleged violations of the Texas Debt Collection Act without prejudice and gave Plaintiffs an opportunity to file an amended complaint as to those claims. *See id.*

Plaintiffs filed an Amended Complaint in which they assert claims for violations of the Texas Debt Collection Act, breach of contract, exemplary damages, declaratory relief, and injunctive relief. *See* Dkt. No. 30.

Wells Fargo filed a motion to strike portions of the amended complaint, namely the claims for declaratory and injunctive relief, because the Court's order allowing Plaintiffs to file an amended complaint did not authorize adding any new claims. *See* Dkt. No. 33. Plaintiffs did not file a response to the motion to strike.

Wells Fargo also filed a motion to dismiss the amended complaint for failure to state a claim. *See* Dkt. No. 34. Wells Fargo asserts that, "[w]ith the exception of the Section 392.301(a)(8) claim," the TDCA claims in Plaintiff's Amended Complaint "are

virtually carbon copies of the same claims asserted in the Original Complaint that this Court already dismissed," and that the Section 392.301(a)(8) claim and breach of contract claims are barred by the statute of limitations. Dkt. No. 34 at 13. They also argue that the amended complaint fails to cure the deficiencies identified in the original motion to dismiss and the undersigned's Findings, Conclusions, and Recommendation [Dkt. No. 27]. And they argue that Plaintiffs did not own the Property at the time of foreclosure.

Plaintiffs respond by distinguishing three cases cited by Defendants in the motion to dismiss the amended complaint and by incorporating by reference their brief filed in support of the motion to dismiss the original petition.

The undersigned now concludes that the Court should grant both motions.

## Legal Standards

I.   Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Wells Fargo is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to

relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's

complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

District courts within the Fifth Circuit have divided as to whether a fair-notice standard continues to apply to pleading affirmative defenses or whether *Twombly* and *Iqbal*'s plausibility standard applies, and the "Fifth Circuit has not addressed this

issue." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 484 (S.D. Tex. 2012). But, whatever may be the standard for pleading an affirmative defense under Federal Rule of Civil Procedure 8(b) – a question with which the Court is not presently confronted – the *Twombly* and *Iqbal* plausibility standard applies to pleading any "claim for relief" under Rule 8(a)'s requirements – whether as a plaintiff's claim or a defendant's counterclaim. *See* FED. R. CIV. P. 8(a); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1205 (3d ed. 2013) ("Rule 8(a) applies not only to an original claim contained in a complaint, but also to a pleading containing a claim for relief that takes the form of a counterclaim, cross-claim, or third-party claim."); *see generally Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576-77 (5th Cir. 1996) (affirming a Rule 12(b)(6) dismissal of a counterclaim).

II.    Federal Rule of Civil Procedure 12(f) Motion to Strike

Under Fed. R. Civ. P. 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The power to strike a pleading is within the Court's discretion but should be sparingly used. *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). The motion to strike on grounds of immateriality or impertinence "'should be granted only when the pleading to be stricken has no possible relation to the controversy.'" *Id.* (quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)). Further, a matter is not "scandalous" for purposes of Rule 12(f) if it is "directly relevant to the controversy at issue and are minimally supported in the record." *Id.* With regard to

striking alleged defenses, "although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

"Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Jacobs v. Tapscott*, No. 3:04-cv-1968-D, 2004 WL 2921806, at *2 (N.D. Tex. Dec.16, 2004) (Fitzwater, J.), *aff'd on other grounds*, 277 Fed. Appx. 483 (5th Cir. 2008). Moreover, Rule 12(f) only applies to pleadings as defined by Fed. R. Civ. P. 7(a). *See, e.g.*, 5C Charles Alan Wright et al., FED. PRAC. & PROC. 1380 & n.8.5 (3d ed. 2012) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."); *Groden v. Allen*, No. 3:03-cv-1685-D, 2009 WL 1437834, at *3 (N.D. Tex. May 22, 2009) (Fitzwater, C.J.) (Rule 12(f) "does not permit the Court to strike motions or matters within them because the rule applies only to pleadings").

## Analysis

I.    <u>The Motion to Strike should be granted.</u>

Wells Fargo filed a motion to dismiss Plaintiffs' Original Petition and Application for Temporary Restraining Order. *See* Dkt. No. 5. After accepting the Findings, Conclusions and Recommendation of the United States Magistrate Judge [Dkt. No. 27],

the Court dismissed Plaintiffs' claims for violations of the Texas Property Code and wrongful disclosure with prejudice and dismissed Plaintiffs' claims for breach of contract and violations of the Texas Debt Collection Act without prejudice. The Court further ordered that "[a]s to Plaintiffs' claims that are dismissed without prejudice, Plaintiffs' shall have 21 days from the date of this order in which to file an amended complaint." Dkt. No. 29.

Plaintiffs timely filed their First Amended Complaint, in which they add claims for declaratory and injunctive relief. *See* Dkt. No. 30. The Court's Order did not allow Plaintiffs to assert any new claims but only allowed them to amend their complaint as to the claims that were dismissed without prejudice. Those claims were for breach of contract and alleged violations of the TDCA. *See* Dkt. No. 29.

Wells Fargo filed a motion to strike the claims for declaratory and injunctive relief because the Court's Order did not authorize Plaintiffs to add those claims. *See* Dkt. No. 33. Plaintiffs have not responded to the motion to strike and more than 21 days have passed since the motion to strike was filed. *See* Dkt. No. 39.

Because Plaintiffs were not authorized to replead the claims for declaratory and injunctive relief in their amended complaint, the Court should grant the motion to strike and strike those claims from Plaintiffs' Amended Complaint.

II.    The Motion to Dismiss for Failure to State a Claim should be granted.

A.    Plaintiffs lack standing because they have no interest in the Property.

According to a General Warranty Deed filed in the official public records of Dallas County, Texas, Plaintiffs conveyed the Property to Dolo Investment Group, LLC on

November 22, 2017, which was before the foreclosure sale. *See* Dkt. No. 35 at 18-20. Consequently, Plaintiffs lack standing to assert any of their claims because they have no interest in the property. *See Washington v. JP Morgan Chase Bank, N.A.*, No. 3:18-cv-1870-K-BN, 2019 WL 587289, at *3 (N.D. Tex. Jan. 18, 2019). Plaintiffs do not respond to this argument concerning their standing.

For this reason alone, Plaintiffs' claims should be dismissed with prejudice.

B.    <u>Plaintiffs' TDCA claims should be dismissed.</u>

1.    Plaintiffs' TDCA claims should be dismissed because the allegations are <u>conclusory and fail to sufficiently allege recoverable damages.</u>

The TDCA is the statutory embodiment of common law concerning unreasonable collection practices and prohibits use of deceptive means, making misrepresentations, harassment, and threats in the course of collecting a consumer debt. See TEX. FIN. CODE §§ 392.301(a)(8), 392.302(4), 392.303(a)(2), 392.304(a)(8), (a)(19). To state a claim under the TDCA, a plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a "debt collector" within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act. *See id.* §§ 392.001 et. seq.

Plaintiffs allege that Wells Fargo violated four sections of the TDCA. Specifically, Plaintiffs claim that Wells Fargo violated (1) Section 392.301(a)(8) by misrepresenting that Wells Fargo would not foreclose; (2) Section 392.303(a)(2) by collecting or attempting to collect interest or a charge, fee, or expense which was not expressly

authorized by the Deed of Trust; (3) Section 392.304(a)(8) by attempting to foreclose before Wells Fargo gave the notices required by the Texas Property Code; and (4) Sections 392.304(a)(8) and (19) by using deceptive acts or practices and misrepresenting the status of the debt. Plaintiffs claim that they are entitled to statutory damages, injunctive relief, costs and reasonable attorney's fees under Section 392.403. *See* Dkt. No. 30 at 4-7.

Wells Fargo contends that all of Plaintiffs' TDCA claims fail because the allegations in the amended complaint are conclusory, lacking in specific facts, and, as a result, insufficient to plead a plausible claim, and the undersigned agrees. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-cv-1174-M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011) ("Merely stating Defendant violated the TDCA, without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law."). Plaintiffs recite some of the elements of the TDCA but do not provide factual allegations to support their claims.

Wells Fargo also contends that Plaintiffs fail to plead that they suffered actual damages as a result of the alleged TDCA violations. Plaintiffs must prove that they suffered an actual, foreseeable injury to state a TDCA claim. *See* TEX. FIN. CODE § 392.403(a)(2); *Whatley v. AHF Fin. Servs., LLC*, No. 4:11-cv-488, 2012 WL 7159707, at * 5 (E.D. Tex. Dec. 17, 2012) (holding that alleged damages must be linked to actual TDCA violations of which Plaintiff complains).

Plaintiffs seek actual damages, filing fees, and reasonable attorney's fees for

enforcement of their TDCA claims. *See* Dkt. No. 1-5 at 8.

But, because Plaintiffs have not pleaded facts indicating that they suffered actual damages as a result of any of the alleged TDCA violations, Plaintiffs have failed to state any claim under the TDCA, and, because Plaintiffs have apparently pleaded their best case, their TDCA claims should be dismissed with prejudice.

2.    Plaintiffs' TDCA claim under Section 392.301(a)(8) should be dismissed because it is barred by the statute of frauds.

Plaintiffs allege that Wells Fargo violated Section 392.301(a)(8) by taking an action prohibited by law that resulted in the sale of the Property. Specifically, Plaintiffs allege that Wells Fargo representatives Antonio Caballero and Ramon De Jesus Rodriguez told them that Wells Fargo "would pass the threatened December 2017 sale and would not cause the Property to be sold by the substitute trustee." Plaintiffs further allege that, in reliance on the statement, they did seek judicial intervention to stop the foreclosure. Dkt. No. 30 at 6, ¶ 21.

Under Texas law, a "loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. COM. CODE § 26.02(b). The term "loan agreement" includes any agreement or promise where a financial institution "loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." *Id*. § 26.02(a)(2). "Any agreement to forego or delay foreclosure...would fall under the provisions of Section

26.02(b), and be included under the definition of 'loan agreement' in Section 26.02(a)(2)." *Krudup v. Bridge City State Bank*, No. 09-05-111CV, 2006 WL 3627078, at *4 (Tex. App. – Beaumont 2006, pet. denied). Because Plaintiffs do not allege that Wells Fargo promised to sign a prepared document that comports with Texas's statute of frauds, this omission is fatal to Plaintiff's Section 392.301(a)(8) claim and is a proper basis for dismissal on a Rule 12(b)(6) motion. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013); *see also Hernandez v. U.S. Bank, N.A.*, No. 3:13-cv-2164-O, 2013 WL 6840022, at *7 (N.D. Tex. Dec. 27, 2013).

The undersigned concludes that, because Plaintiffs have apparently pleaded their best case, Plaintiff's claim for violations of Section 392.301(a)(8) of the TDCA should be dismissed with prejudice.

3.    <u>Plaintiff's TDCA claim under Section 392.303(a)(2) should be dismissed.</u>

Plaintiff's Section 392.303(a)(2) claim is based on the same allegations as those in their Original Complaint, which the Court has dismissed, *compare* Dkt. No. 1-5 at ¶ 5(b) *with* Dkt. No. 34 at ¶¶ 17, 18, and should be dismissed for reasons explained in the undersigned's Findings, Conclusions, and Recommendation [Dkt. No. 27 at 18-20] and the Court's dismissal order.

Plaintiffs allege that Wells Fargo violated Section 392.303(a)(2) of the TDCA by collecting or attempting to collect interest or a charge, fee, or expense which was not expressly authorized by the Deed of Trust. *See* Dkt. No. 30 at 5, ¶ 17. They allege that Wells Fargo failed to properly account for and acknowledge payments made and

consequently demanded payment from Plaintiffs in excess of those permitted under the Note and Deed of Trust and that they threatened to conduct and have conducted one or more substitute trustee's sales of the Property, which deprived Plaintiffs of title and jeopardized their use and possess of the Property. *See id.* at ¶ 18.

Wells Fargo maintains that Plaintiffs have pleaded insufficient facts to state a Section 392.303(a)(2) claim because, in addition to failing to state their actual damages, Plaintiffs fail to allege sufficient facts to show that Wells Fargo attempted to collect charges that were not authorized by the Note or Deed of Trust. *See* Dkt. No. 34 at 19-21.

The undersigned concludes that, because Plaintiffs allege insufficient facts to show their actual damages, as discussed above, and that Wells Fargo attempted to collect charges that were unauthorized by the Note or the Deed of Trust, Plaintiffs have failed to state a plausible claim to relief under Section 392.303(a)(2).

Section 392.303(a)(2) prohibits a debt collector from using

> unfair or unconscionable means that employ ... collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

Tex. Fin. Code § 392.303(a)(2).

To state a claim under Section 392.303(a)(2), a plaintiff must make more than a general assertion of "wrongful charges" and must identify the unauthorized fees or penalties that a defendant imposed. *Westinde v. JPMorgan Chase Bank, N.A.*, No. 3:13-cv-3576-O, 2014 WL 4631405, at *8 (N.D. Tex. Sept. 16, 2014) (granting a motion to dismiss a Section 392.303(a) claim where "Plaintiff fail[ed] to identify any fees or

penalties incidental to his loan that Defendant imposed") (citing *Price v. U.S. Bank Nat'l Ass'n*, No. 3:13-cv-175-O, 2014 WL 803722, at *6 (N.D. Tex. Feb. 28 2014) ("Without any specific facts in support, [the plaintiff's] claim under § 392.303(a) (2) is subject to dismissal for failure to state a claim."); *Bircher v. Bank of N.Y. Mellon*, No. 4:12-cv-171-Y, 2012 WL 3245991, at * 3 (N.D. Tex. Aug. 9, 2012) (dismissing a Section 392.303(a)(2) claim where the "petition contain[ed] scant factual specificity regarding any misrepresented amounts"); *Swim v. Bank of Am., N.A.*, No. 3:11-cv-1240-M, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012) (granting a motion to dismiss a Section 392.303(a)(2) claim where "Plaintiffs merely state a conclusory assertion that Defendants imposed wrongful charges on Plaintiffs' mortgage account").

Here, Plaintiffs have failed to plead any specific facts to indicate what fee Wells Fargo charged them and why such a fee was unauthorized. Plaintiffs have failed to plead sufficient facts to state a claim under Section 392.303(a)(2), and, because Plaintiffs have apparently pleaded their best case, their claim should be dismissed with prejudice.

4.    Plaintiffs' TDCA claim under Section 392.304(a)(8) should be dismissed.

Plaintiff's Section 394.304(a)(8) claim is based on the same allegations as those in their Original Complaint, which the Court has dismissed, *compare* Dkt. No. 1-5 at ¶ 5(c) *with* Dkt. No. 34 at ¶¶ 15, 16, 19, 20, and should be dismissed for reasons set forth in the undersigned's Findings, Conclusions, and Recommendation [Dkt. No. at 15-18] and the Court's dismissal order.

-16-

Plaintiffs allege that Wells Fargo violated Section 392.304(a)(8) of the TDCA by "fail[ing] to give notice before giving notice of acceleration and substitute trustee's sale" in violation of Texas Property Code § 51.002(d) or by wrongfully giving notice because it lacked the capacity to do so. Dkt. No. 30 at 5 ¶¶ 15, 16.

Wells Fargo argues that Plaintiffs' claim under Section 392.304(a)(8) fails because they have not sufficiently alleged that they suffered actual damages or that Wells Fargo caused them to believe that they (1) did not have a mortgage debt of the specific amount they owed or (2) had not defaulted, both of which are required to state a claim for violation of Section 392.408(a) of the TDCA.

The undersigned concludes that, because Plaintiffs have not pleaded facts to show that they suffered actual damages and that Wells Fargo misrepresented the Loan's existence, the Loan's amount, or Plaintiffs' default, Plaintiffs have failed to state a claim under Section 392.304(a)(8).

Section 392.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(a)(8). "To violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading." *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) (quoting *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013)). The character, extent, and amount of the debt categories listed in Section 392.304(a)(8) are "categories that do not encompass 'statements about loan-modification applications and the postponement of foreclosure.'" *Rabe v. Wells Fargo Bank, N.A.*, 616

F. App'x 729, 735 (5th Cir. 2015) (quoting *Thompson*, 783 F.3d at 1026). And, to state a claim under Section 392.304(a)(8), a plaintiff must show that the defendant "made a misrepresentation that led her to be unaware (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted." *Rucker*, 806 F.3d at 832 (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)).

"To withstand a motion to dismiss, a court must be able to discern not only that there was a misrepresentation but also how the defendant allegedly misrepresented the character, extent, or amount of the plaintiff's debt." *Smith v. Wells Fargo Bank, N.A.*, No. 3:12-cv-4633-K-BN, 2013 WL 3324195, at *2 (N.D. Tex. June 28, 2013). Here, Plaintiffs fail to allege what amount Wells Fargo stated they incorrectly owed and fail to allege what they believe were incorrect charges. Plaintiffs' bare allegations regarding Wells Fargo's deviations, in one way or another, from the Note and Deed of Trust do not adequately plead that Wells Fargo made an affirmative statement to state a Section 392.304(a)(8) claim. *See Thompson*, 783 F.3d at 1026 ("To violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading.").

Because Plaintiffs have not alleged facts to show their actual damages and that Wells Fargo made misrepresentations to cause them to be unaware of the Loan or its amount or of her default, Plaintiffs have failed to state a claim against Wells Fargo under Section 392.304(a)(8) should be dismissed – and, because Plaintiffs have apparently pleaded their best case, that dismissal should be with prejudice.

5.    <u>Plaintiffs' TDCA claim under Section 392.304(a)(19) should be dismissed.</u>

Plaintiffs' allegations concerning violations of Section 392.304(19) of the TDCA are identical to those in their Section 392.304(8) claim. *See* Dkt. No. 30 at ¶¶ 15, 16, 19, 20. Plaintiff's Section 394.304(a)(19) claim is also based on the same allegations as those in their Original Complaint, which the Court has dismissed, *compare* Dkt. No. 1-5 at ¶ 5(c) *with* Dkt. No. 34 at ¶¶ 15, 16, 19, 20, and should be dismissed for reasons set forth in the undersigned's Findings, Conclusions, and Recommendation [Dkt. No. 27 at 22-23], as stated below, and the Court's dismissal order.

Wells Fargo asserts that the Section 392.304(a)(19) claims fails because Plaintiffs have not alleged that Wells Fargo made an affirmative statement that was false or misleading.

Section 392.304(a)(19) is a catch-all provision that covers all false representations or deceptive means that a party might use "to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE § 392.304(a)(19); *see also Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2414-B, 2012 WL 555155, at *8 (N.D. Tex. Feb. 21, 2012). "[T]errible customer service is not automatically the equivalent of 'deceptive means,'" and, for a TDCA misrepresentation claim under Section 392.304(a)(19) to stand, a defendant must have made "an 'affirmative statement' that was false or misleading." *Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014) (citing *Verdin*, 540 F. App'x at 257).

Here, Plaintiffs allege no specific facts to show that Wells Fargo made an affirmative and false or misleading statement. Wells Fargo's alleged deviations, in one

way or another, from the Note and Deed of Trust do not constitute the affirmative statements required to state a Section 392.304(a)(19) claim.

And, as the undersigned explains above, Plaintiffs have not adequately pleaded the damages element of their TDCA claims.

Because Plaintiffs have made no factual allegations regarding their actual damages or that Wells Fargo made any affirmative statements that were false or misleading, and, because Plaintiffs have apparently pleaded their best case, Plaintiffs' claim under Section 392.304(a)(19) should be dismissed.

D.    Plaintiffs' claims for declaratory and injunctive relief should be dismissed.

As stated above, Plaintiffs' claims for declaratory and injunctive relief should be stricken from the amended complaint because the Court's order allowing Plaintiffs to file an amended complaint as to the claims that had been dismissed without prejudice did not authorize Plaintiffs to add new claims.

But, if the claims for declaratory and injunctive relief are not stricken, they should be dismissed for the reasons set forth in the undersigned's Findings, Conclusions, and Recommendation [Dkt. No. 27 at 23-25] and the Court's dismissal order – namely that, because Plaintiffs' substantive claims should be dismissed, Plaintiffs have not stated a claim for declaratory and injunctive relief.

Plaintiffs request declaratory relief and injunctive relief voiding any substitute trustee's deed to the Property and restraining Wells Fargo from foreclosing on the Property.

Wells Fargo argues that Plaintiffs' request for declaratory and injunctive relief

fails because Plaintiffs have failed to assert any viable causes of action against Wells Fargo.

"The [federal Declaratory Judgment Act] is a procedural device that creates no substantive rights.... [A] request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action." *Payne v. Wells Fargo Bank, N.A.*, No. 3:12-cv-5219-M BF, 2015 WL 1402321, at *6 (N.D. Tex. Mar. 26, 2015) (internal quotations and citation omitted) (granting Wells Fargo's motion for summary judgment as to the plaintiff's request for declaratory relief where the Court had determined that summary judgment should be granted with respect to the plaintiff's underlying, substantive claims), *aff'd sub nom. Payne v. Wells Fargo Bank Nat. Ass'n*, 637 F. App'x 833 (5th Cir. 2016); *accord Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990) ("[I]t is the underlying cause of action ... that is actually litigated in a declaratory judgment action.").

Similarly, "[u]nder Texas law, a request for injunctive relief 'is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action.'" *Grace v. Everhome Mortg. Co.*, No. 3:13-cv-4563-B, 2015 WL 5146678, at *6 (N.D. Tex. Sept. 2, 2015) (citing *Wildy v. Wells Fargo Bank, NA*, No. 3:12-cv-1831-BF, 2013 WL 246860, at *6 (N.D. Tex. Jan.21, 2013); *Cooks v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010)). And, where a Court dismisses all of a plaintiff's substantive claims, as the undersigned recommends the Court do here, a plaintiff cannot maintain a claim for injunctive relief. *See Thomas v.*

-21-

*EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

Because Plaintiffs fail to state a plausible claim to relief, Plaintiffs' requests for declaratory and injunctive relief should be dismissed with prejudice.

    C.    <u>Plaintiffs' breach of contract claim should be dismissed.</u>

Plaintiffs alternatively allege that Wells Fargo breached the Deed of Trust by "threatening to take, and taking, action to foreclose not in conformity with Texas law, despite the plain language of the [Deed of Trust] prohibiting such acts, particularly in paragraphs 13 (notices), 14 (Governing Law; Severability) and 18 (Foreclosure Procedure)." Dkt. No. 30 at 8, ¶ 28; *see* Dkt. No. 35 at 9. Plaintiffs further allege that Wells Fargo took action or caused action prohibited by applicable law by advising their agent that Wells Fargo would "pass" the December 5, 2017 foreclosure sale. *See id.* at ¶ 29.

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003); *accord Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012).

For the reasons explained above, the breach of contract claim based on allegations that Plaintiffs' agents were orally advised that no foreclosure would occur is barred by the statute of frauds and should be dismissed with prejudice.

The remaining breach of contract claims should also be dismissed. Although Plaintiffs identify the specific provisions of the Deed of Trust that they allege were breached, they do not plead any facts to show how those provisions were breached. Thus, Plaintiffs' conclusory breach of contract allegations devoid of any factual content are not entitled to the presumption of truth and cannot withstand a motion to dismiss *See Ashcraft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Plaintiffs also have not properly plead the damages element of their breach of contract claim. Plaintiffs allege that they "have incurred actual damages by being deprived of title to, and possession, use and enjoyment of the Property, and also having incurred their filing fees and reasonable and necessary attorneys fees." Dkt. No. 30 at 8, ¶ 30. Although filing and attorney fees may be awarded to a successful plaintiff, *see* TEX. CIV. PRAC. & REM. CODE §§ 37.007, 38.001(8), they do not constitute actual damages sufficient to sustain a breach of contract claim, *see Vianet Grp. PLC v. Tap Acquisition*, 3:14-cv-3601-B, 2016 WL 4368302, at *9 (N.D. Tex. Aug. 18, 2016) (concluding that the Supreme Court of Texas would not characterize attorneys' fees as damages "if they were subsequently incurred prosecuting a breach of contract claim"). And Plaintiffs cannot show that they were deprived of title because they sold and transferred their interest in the Property to Dolo Investment Group, LLC prior to the foreclosure sale. *See* Dkt. No. 35 at 18-20.

Accordingly, for all these reasons, and, because Plaintiffs have apparently pleaded their best case, the undersigned recommends that the breach of contract claims should be dismissed with prejudice.

IV.    <u>Plaintiffs' claims should be dismissed with prejudice.</u>

Federal Rule of Civil Procedure 15(a)(2)'s provision stating that "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleading is within the sound discretion of the district court. *See Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

In their response to the motion to dismiss the amended complaint, Plaintiffs in large part make the same arguments that they made in response to the motion to dismiss the original petition, make conclusory allegations, and fail to respond to some of the arguments in the motion to dismiss the amended complaint. Accordingly, the undersigned concludes that, because Plaintiff has been given an opportunity to replead and has failed to cure deficiencies, amendment would be futile.

The Court should dismiss all of Plaintiffs' claims with prejudice.

## Recommendation

The Court should grant the Motion to Strike Portions of the First Amended Complaint [Dkt. No. 33] and strike the claims for declaratory and injunctive relief from Plaintiffs' First Amended Complaint, and the Court should grant Defendant's Motion

to Dismiss First Amended Complaint [Dkt. No. 34] and dismiss with prejudice all of Plaintiffs' claims against Defendant Wells Fargo Bank, N.A.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 27, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE